### EDMONDSON, Executor of Dolby v. JACKSON.

Court of Common Pleas. December 3, 1814.

*Clayton's Notebook, 36.*

PER CURIAM. As to the first objection, if the defendant does make a tender of the money before the sale, it is clearly wrongful and ought to be set aside; but in this case a legal tender is not made out. One Walcot at first told the sheriff that he would pay the money, but on sheriff's replying that he had nothing but his words for that, he said he would attend at the sale and buy it in for the defendant, and desired that the land might not be struck off in his absence. The sale took place at ten o'clock, and when Walcot arrived, which was fifteen minutes after, the land had been struck off to the plaintiff, and the sale was over.

The second objection is not supported by the evidence.

The third and fourth depend upon the Act, 1 Del.Laws 110, c. 46a. We believe it has been determined in the Supreme Court that it is not necessary for the sheriff to hold an inquisition on an estate for life, and in Pennsylvania, where the Act is similar to ours, this question has been decided the same way.

The Court think, however, that the sheriff was rather too precipitate in striking off the land. He ought to have delayed the thing a little longer.

Rule made absolute.